IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD M. KASER,

    Plaintiff

  v.

PROTECTIVE LIFE INSURANCE
COMPANY, *et al.*

    Defendants

Civil Action No.

01CV2601 WDQ

## MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY AND FOR RULING ON MOTION TO DISMISS

Financial Protection Marketing, Inc. ("FPM") and Protective Life Insurance Company ("PLIC") submit this memorandum in support of their motion (1) to lift the stay issued by the Court on March 19, 2002 pending resolution of the certification proceedings, and (2) for a ruling on their Motion to Dismiss filed on February 19, 2002.

## PROCEDURAL BACKGROUND

Kaser's initial Complaint in this case was filed in August, 2001 against FPM, PLIC (FPM's parent corporation), and James Hughes (FPM's former President) asserting various tort counts arising out of alleged conduct by Hughes and FPM under an insurance agency agreement between FPM and Kaser. Under the agency agreement, FPM (an insurance agency) agreed to pay Kaser (also an insurance agent) an administrative service fee equal to a percentage of the net written premiums from residual value insurance

policies that he originated (those that he referred to and were accepted by FPM and placed by FPM with an insurer).  The Complaint and Amended Complaint arise out of Kaser's contention that FPM wrongfully terminated the agreement and that, while the agreement was in force, Hughes wrongfully solicited Kaser's agent of record status on the residual value insurance policy issued to Chevy Chase Bank, the only account that Kaser referred to FPM under the agreement.

On January 3, 2002, the Court dismissed all counts against FPM and PLIC with prejudice, except for Kaser's claim that FPM tortiously interfered with his economic relationship with Chevy Chase Bank, which the Court dismissed without prejudice allowing Kaiser thirty days to amend to plead such claim with specificity as to when the alleged tortious conduct on which the claim was founded occurred.

On February 1, 2002, Kaser filed the Amended Complaint in which (in addition to reasserting his claim for tortious interference with economic relations) he added a new claim for breach of contract against FPM and PLIC.[1]  On February 19, 2002, FPM and PLIC moved to dismiss the Amended Complaint on grounds that (1) the breach of contract claim fails as a matter of law because the agreement was terminable at will and contained no provision for continuing service fees after termination, and (2) the claim for tortious interference with economic relations is still not pled with the required specificity

and, in any event, fails to state a claim because FPM was a party to the economic relationship with which it was alleged to have interfered.

In response, on March 8, 2002, Kaser filed (1) a motion to compel arbitration of his breach of contract claims against FPM and PLIC and to stay the tortious interference with economic relations claim pending arbitration, and (2) an opposition to FPM's and PLIC's motion to dismiss. On March 14, 2002, FPM and PLIC filed an opposition to Kaser's motion to compel arbitration on grounds that Kaser waived his right to arbitrate his breach of contract claims.

On March 14, 2002, the Court issued an order finding that it is appropriate to certify to the Court of Appeals the question whether Kaser, an insurance subagent. has an economic relationship with the insured separate from the insurance policy issued to the insured with which the insurer or its agent can interfere. On March 19, 2002, the Court denied Kaser's motion to compel arbitration of the breach of contract claims, finding that Kaser had waived his right to arbitrate such claims. The Court also issued a stay of such claims pending resolution of the certification proceedings. The Court did not rule on FPM's and PLIC's motion to dismiss.

---

*(footnote continued from previous page)*

[1] Kaser also re-asserted all of the other tort claims from the initial Complaint, but informed the Court that he was doing so only for the purpose of preserving the dismissal of such claims on appeal.

On April 5, 2002, the Court issued the Memorandum and Certification Order to the Court of Appeals. On August 28, 2003, the Court of Appeals answered the certified question in the negative, and ruled that Kaser did not have a claim for tortious interference with economic relations because FPM was a party to the economic relationship with which it is alleged to have interfered.

## ARGUMENT

The certification proceedings were completed on August 28, 2003. Accordingly, FPM and PLIC submit that the stay should be lifted. Further, since the Court did not rule on the motion to dismiss before it entered the stay, FPM and PLIC respectfully request the Court to rule on their motion to dismiss.[2]

---

[2] Contemporaneously with this motion, FPM and PLIC are filing their reply to Kaser's opposition to their motion to dismiss.

## CONCLUSION

WHEREFORE, for the reasons stated, FPM and PLIC respectfully request the Court to lift the stay and rule on their motion to dismiss.

Respectfully submitted,

_____/s/_____
Robert J. Mathias (Bar No. 00253)
Marta D. Harting (Bar No. 10126)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
(410) 580-3000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2003, foregoing

Memorandum was sent by electronic filing to:

> Roderick R. Barnes, Esquire
> Ferguson, Schetelich & Heffernan
> 100 South Charles Street
> Suite 1401
> Baltimore, Maryland 21201-2703
>
> Attorney for Richard M. Kaser

_____/s/_____
Marta D. Harting