```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
RICHARD M. KASER,               *

     Plaintiff,                 *

v.                              *    CIVIL ACTION NO: WDQ-01-2601

PROTECTIVE LIFE INSURANCE       *
CO., et al.,
                                *
     Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending are motions to lift stay and to dismiss or, in the alternative, for summary judgment, filed by defendants Protective Life Insurance Company ("PLIC") and Financial Protection Marketing, Inc. ("FPM").

I.  Background

Plaintiff Richard M. Kaser is an "independent insurance agent" who matches businesses selling insurance with clients seeking it. Amended Complaint at ¶ 7.  Kaser had a relationship with Chevy Chase Bank ("Chevy Chase").  *Id.* at ¶ 12.  Chevy Chase contacted Kaser, seeking to insure against losses from automobile leasing. Amended Complaint at ¶¶ 9-11.  After Kaser successfully matched Chevy Chase with FPM, the companies entered into a Guaranteed Residual Investment Protection Master Policy ("GRIP").  *Id.* at ¶ 18. In consideration for Kaser's services, he and FPM entered into a Guaranteed Residual Investment Protection General Agent Agreement ("the agreement"), which paid Kaser a 7.5% commission on net

written premiums from policies he facilitated.  Motion to Dismiss, Ex. 1, ¶¶ 2-3.

After the agreement became effective, James E. Hughes, the president of FPM, began to probe Kaser for information about his Chevy Chase contacts.  Amended Complaint ¶ 22.  In September 2000, Hughes was notified of his imminent termination and began soliciting policyholders, including Chevy Chase, in an attempt to become the agent of record on their accounts.  *Id.* at ¶ 23-24.

In early December 2000, FPM was consolidated into PLIC and Kaser was terminated.  *Id.* at ¶ 26.  In January 2001, Hughes was appointed as agent of record for the Chevy Chase account.  *Id.* at ¶ 29.

On August 29, 2001, Kaser filed this complaint.  On January 3, 2002, this Court dismissed most of the complaint with leave to file an amended complaint stating the tortious interference with economic relations claim.  January 3, 2002 Memorandum Opinion at 22.[1]  After Kaser filed an Amended Complaint alleging tortious interference with economic relations and breach of contract against FPM and PLIC, this Court certified a question to the Maryland Court of Appeals: whether a defendant could tortious interfere with a relationship of which it was a part.  March 14, 2003 Memorandum and

---

[1] The claims that were not dismissed in the January 3, 2002 Memorandum Opinion had been previously dismissed because they were filed against defendants that were not subject to this Court's jurisdiction.  December 3, 2001 Memorandum.

Certification Order at 2.  On August 28, 2003, the Court of Appeals answered the certified question in the negative.

## II.   Discussion

1. Motion to Lift Stay

Because the Maryland Court of Appeals has answered the certified question, the stay will be lifted, and the Court will address the merits of the defendants' motion to dismiss.

2. Tortious Interference with Economic Relations

The Court of Appeals held that because FPM was a party to the economic relationship with Kaser, he could not bring a claim against FPM for tortious interference.  *Kaser v. Financial Protection Marketing, Inc.,* 2003 Md. LEXIS 521 (Md. August 28, 2003) at * 1; *29-31, *citing Travelers Indem. Co. v. Merling,* 326 Md. 329, 343 (1992).  The Court of Appeals held that PLIC was also a party to this relationship, because it issued the insurance, through FPM, to Chevy Chase.  *Kaser,* 2003 Md. LEXIS 521 at * 29.  Accordingly, Kaser cannot maintain a tortious interference with economic relations claim against either entity.

3. Breach of Contract

Kaser's breach of contract claims against FPM and PLIC are based on his wrongful termination, which resulted from Hughes' direct competition with Kaser for Maryland clients, specifically Chevy Chase Bank.  Amended Complaint, ¶¶ 184, 191.  An insurance agent or broker alleging unfair termination of a written agreement

must pursue the exclusive administrative remedy provided by Md. Ins. Code Ann. §§ 27-503(d) & 4-113. *Veydt. v. Lincoln Nat. Life Ins. Co.,* 94 Md. App. 1, 20 (1992).[2]  Moreover, if the dispute involves an unfair termination, other claims which are intertwined with the dispute must be resolved through that procedure. *Id.* at 15.

Kaser alleges that the agreement was unfairly terminated because Hughes stole his client, Chevy Chase Bank. Any claims against FPM and PLIC based on Hughes' conduct must be resolved through the exclusive administrative remedy. *Id.* Accordingly, Kaser has not stated a common law claim upon which relief can be granted. *Beach v. Owens-Corning Fiberglas Corp.,* 728 F.2d 407, 409 (7th Cir. 1984)(when state administrative remedy is exclusive, there is no common law claim).

### III. Conclusion

Because the Court of Appeals has answered the certified question, the stay will be lifted. Kaser has failed to state common law claims upon which relief can be granted. Accordingly, his complaint will be dismissed.

<u>September 17, 2003</u>                              <u>      /s/                </u>
Date                                          William D. Quarles, Jr.
                                              United States District Judge

---

[2] As the Court of Appeals noted, PLIC provides insurance through FPM. *Kaser,* 2003 Md. LEXIS 521 at * 29. Therefore FPM and PLIC are both insurers within the meaning of Md. Ins. Code Ann. § 27-503(d).