# IN THE
# COURT OF APPEALS
# OF MARYLAND

SEPTEMBER TERM, 2002

Misc. No. 1

Richard M. Kaser

*Appellant*

v.

Financial Protection Marketing, Inc., *et al.*

*Appellees*

**Upon Certification of a Question of Law from the United States District Court for the District of Maryland, Northern Division**
**(Frederic N. Smalkin, Judge)**

**BRIEF OF APPELLEES**

> Robert J. Mathias
> Marta D. Harting
> Piper Rudnick LLP
> 6225 Smith Avenue
> Baltimore, Maryland  21209
> (410) 580-3000

Attorneys for Appellees

July 5, 2002

terminates an agent must give the agent the benefit from expirations for at least a year after termination and provide at least a year's worth of renewal commissions.[7] After a year, however, or whatever longer period set forth in the agency agreement, the insurer is required to renew the policies of the insureds that decide to stay with the company. 326 Md. At 342. The purpose of the statute, the Court explained, is to prevent redlining by insurers through the vehicle of terminating an agent and (by operation of the common law rule) non-renew all of the policies written through the agent. Id.

Having held that Merling did not state a claim for conversion or interference with a property right in expirations, the Court then proceeded to address Merling's claim for tortious interference with economic relations, applying a different analysis as described above.

Here, Kaser's only claim is for tortious interference with economic relations arising from his replacement as agent of record under the policy issued to Chevy Chase Bank (Apx. 28-30). Thus, this Court's analysis of Merling's claim for conversion of a property right in expirations does not apply to Kaser's claim here. In any event, the Court did not, as Kaser suggests, implicitly or otherwise, recognize a common law right

---

(footnote continued from previous page)
    the insurance policy, the name of the insured, the date of its expiration, the amount of insurance premiums, property covered and terms of insurance. 326 Md. At 337.

[7] §27-503 applies only to the termination of an agent by an insurer. Since FPM is an agent not the insurer, this section has no application here.