IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD M. KASER * | |
| Plaintiff * | |
| v. * | Civil Action No.  WDQ 01CV2601 |
| PROTECTIVE LIFE INSURANCE * | |
| COMPANY, *et al.* | |
| * | |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER**

Richard M. Kaser, Plaintiff, by Ferguson, Schetelich & Ballew, P.A. and Roderick R. Barnes, his attorneys, submits this Memorandum of Law in support of Motion to Reconsider, and states:

**BACKGROUND**

Richard M. Kaser ("Kaser"), an independent insurance agent and broker, initiated this lawsuit against an insurance marketing agency, Financial Protection Marketing, Inc. ("FPM"), its President, James E. Hughes ("Hughes"), and its parent company, Protective Life Insurance Company ("PLIC"), after Hughes successfully persuaded an insured to replace Kaser as agent of record with himself.  Kaser alleges that FPM's subsequent failure to pay him a service fee breached an agreement that he had with FPM.  PLIC consolidated FPM into its corporation and became a successor to this obligation.  As such, it is alleged that PLIC also breached the agreement by failing to pay continued service fees to Kaser.  Kaser also realleges that PLIC intentionally interfered with his economic relationship with the insured by encouraging Hughes to obtain appointments as agent of record from insureds who already had agents

of record.  PLIC then negotiated a commission with Hughes after he replaced Kaser as agent of record for the insured.  At the time, PLIC was not the insurer and was not a party to the insurance agreement or agency agreement at issue.

## MATERIAL FACTS

This Court issued a Memorandum Opinion on September 17, 2003, wherein it dismissed Plaintiffs' Amended Complaint for Tortious Interference with Economic Relations against PLIC on the mistaken belief that "[t]he Court of Appeals held that PLIC was also a party to this relationship, because it issued the insurance, through FPM, to Chevy Chase."  Mem. Op. at p. 3.  In fact, no such holding was made.  This Court's Certification Order expressly provided the following facts:

> 18. In December 1999, a residual value insurance master policy was issued to Chevy Chase Bank through FPM by Interstate Fire and Casualty Co.

At no time did PLIC underwrite a policy of insurance through FPM and Kaser for Chevy Chase Bank.  Rather, PLIC is alleged to have interfered with Kaser's economic relations with Chevy Chase Bank by encouraging Hughes to solicit the Chevy Chase Bank account despite the fact that FPM had a contract with Kaser for that account:

> 23. . . . in September 2000, Protective notified Hughes that he would be terminated effective January 1, 2001.  Thereafter, with Protective's blessing and encouragement, Hughes began to contact policyholders in an effort to have him named as agent of record, thereby entitling him to commissions.  Chevy Chase Bank is one of the policyholders he contacted.

Amended Complaint at ¶ 23.

This Court also dismissed Kaser's breach of contract counts alleged against both FPM and Protective on the grounds that an unfair termination dispute between an insurer and its agent, and all other claims which are intertwined with it, must first be administratively adjudicated by the Maryland

Insurance Administration. Mem. Op. at pp. 3-4. However, neither FPM nor PLIC are alleged to be insurers in the subject transaction. FPM is alleged to be an agent. Amended Complaint at ¶ 4. PLIC is alleged to have succeeded to FPM as the agent for the insurer at issue. Amended Complaint at ¶ 188. Thus, the dispute in this case is between an agent and a sub-agent.

## ARGUMENT

A party may seek relief from a judgment by filing a Motion to Reconsider. Local Rule 105.10. The party seeking relief from the judgment or order may do so for reasons of, *inter alia*, mistake or any other reason justifying relief. FED. R. CIV. P. 60(b)(1) and (6). Plaintiff in this case contends that the Memorandum Opinion dismissing the Amended Complaint is based upon a mistake of fact, namely that PLIC was the insurer on the policy issued to Chevy Chase Bank.

**I.   PLIC WAS NOT THE INSURER IN THE TRANSACTION AT ISSUE AND THUS WAS NOT A PARTY TO THE ECONOMIC RELATIONS WITH WHICH IT ALLEGEDLY INTERFERED.**

As described above, PLIC was not the insurer on the GRIP insurance issued to Chevy Chase Bank. This Court issued a Certification Order to the Court of Appeals expressly stating that the insurance policy at issue was issued by Interstate Fire and Casualty Co. Thus, the Memorandum Opinion which found PLIC to be a party to the insurance relationship because it issued the insurance was based upon a mistake. In fact, at the time of the alleged interference, PLIC was not a party to the agency agreement or the insurance policy.[1] Thus, its interference with Kaser's relationship with Chevy Chase Bank and FPM is actionable in Count XIX.

---

[1] Although it is alleged that PLIC succeeded to FPM's interests in the Guaranteed Residual Investment Protection General Agent Agreement with Kaser on January 1, 2001, it was not alleged to be a party to the transaction at the time of its alleged interference between September and December 2000.

3

**B.    NEITHER PLIC NOR FPM ARE INSURERS AND THUS THE ADMINISTRATIVE REMEDY PROVIDED BY MD. INS. CODE ANN. § 27-503(D) AND 4-113 IS NOT APPLICABLE.**

This Court dismissed Kaser's Breach of Contract claims against FPM and PLIC on the grounds that both Defendants are insurers within the meaning of MD. INS. CODE ANN. § 27-503(d). Plaintiff has never alleged that both Defendants are insurers.[2] Section 27-503(d), by its very terms, applies only to insurers acts against insurance producers. *Veydt v. Lincoln National Life Ins. Co.*, 94 Md. App. 1 (1992). "Insurer" is defined as a person engaged as an indemnitor, surety or contractor in the business of entering into insurance contracts. MD. INS. CODE ANN. § 1-101(v). FPM does not fit this definition. The purpose of § 27-501(d) is to protect agents who lose their appointment by an insurer for an arbitrary or capricious reason. It has no applicability to Kaser, who never had an appointment to sell insurance underwritten by PLIC. See Guaranteed Residual Investment Protection General Agent Agreement, Schedule A, attached here as Exhibit 2. Thus, Kaser has stated a justiciable claim for breach of contract against both FPM and PLIC in Counts XXIII and XXIV respectively.

## CONCLUSION

For the foregoing reasons, the Memorandum Opinion dismissing the Amended Complaint should be revised to recognize the undisputed facts and reverse the dismissal of Counts XIX, XXIII and XXIV.

---

[2] FPM and PLIC also contend that they are not insurers within the meaning of MD. INS. CODE ANN. § 27-503(d). See Brief of Appellee submitted to Court of Appeals of Maryland at p. 19, fn. 7, attached hereto as Exhibit 1.

FERGUSON, SCHETELICH & BALLEW, P.A.


By:      /s/ Roderick R. Barnes
     Roderick R. Barnes
     Federal Bar No. 24795
     100 S. Charles Street, Suite 1401
     Baltimore, MD 21201-2725
     (410) 837-2200
     *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September 2003, a copy of the foregoing Memorandum of Law in Support of Motion to Reconsider was electronically mailed to:

Robert J. Mathias, Esquire
Marta D. Harting, Esquire
Piper Marbury Rudnick & Wolfe, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
*Attorneys for Defendants*


     /s/ Roderick R. Barnes
     Roderick R. Barnes

5