IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD M. KASER | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No.  WDQ 01CV2601 |
| PROTECTIVE LIFE INSURANCE COMPANY, *et al.* | * | |
| | * | |
|     Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO RECONSIDER**

Richard M. Kaser, Plaintiff, by FERGUSON, SCHETELICH & BALLEW, P.A. and Roderick R. Barnes, his attorneys, submits this Reply to Defendants' Opposition to Motion to Reconsider, and for reasons, states:

**BACKGROUND**

Defendants have incorrectly described the background of these proceedings.  Thus, Plaintiff will provide this Background solely to correct the record.

A.    **REPLY BACKGROUND OF BREACH OF CONTRACT CLAIM**

On page 2 of the Opposition, Defendants assert:

> On February 1, 2002, Kaser filed the Amended Complaint in which . . . he added a new claim couched as a breach of contract against FPM and PLIC <u>which alleged that the Agreement was terminated with insufficient advance notice to him under § 27-503(b)(2) of the Insurance Article</u> and the Agreement itself.  (Emphasis supplied).

This is incorrect.  Plaintiff has never pleaded that its breach of contract claim was ever governed by, or dependent upon, the applicability of § 27-503(b)(2) of the Insurance Article.

Defendants also contend that:

> On February 19, 2002, FPM and PLIC moved to dismiss the Amended Complaint on grounds that (1) the breach of contract claim fails as a matter of law because . . . § 27-503(b)(2) does not apply to the Agreement between Kaser and FPM.

Opposition at pp. 2-3. This is incorrect. Defendants never raised as an argument that § 27-503(b)(2) does not apply because Plaintiff never pleaded that it did apply. Despite Defendants' efforts to re-characterize the breach of contract claim as one for wrongful termination, the claim remains one for failing to pay commissions, failing to give the agreed upon prior notice to terminate, and breaching the implied duties of good faith and fair dealing.

B.   **REPLY BACKGROUND OF TORTIOUS INTERFERENCE CLAIM**

This Court dismissed Plaintiff's tortious interference claim against PLIC finding that PLIC was a party to the economic relationship with Plaintiff because it issued the insurance policy at issue. This is incorrect. Protective argues that the claim against it for tortious interference with economic relations, though not addressed by the Court of Appeals of Maryland, should be dismissed even if it did not issue the policy. Protective relies upon this Court's earlier statement that Kaser was arguing that PLIC was a wholly owned subsidiary. In the Amended Complaint, it is alleged that "FPM was a wholly owned and controlled subsidiary of [PLIC] . . . . Amended Complaint at ¶ 4. This allegation was based upon a letter Kaser received from Protective on December 7, 2000. Exhibit 1.[1] Although Kaser has a factual basis for his contention, Defendants have produced an affidavit from a corporate representative attesting that FPM <u>is not a wholly owned subsidiary of PLIC</u>, but a separate corporation. Exhibit 2. This Court cannot ignore this affidavit and must reconsider its dismissal. At the very least, Plaintiff should be given leave to amend to alternatively plead that PLIC was not a wholly owned subsidiary so that discovery can be conducted into this factual dispute.

2

**ARGUMENT**

I. **BREACH OF CONTRACT**

Kaser has never pleaded that its claim for breach of contract is based upon § 27-503 of the Insurance Article. It is based upon the clear terms of the written Agreement and the duties that inherently arise out of such an agreement (good faith and fair dealing). Defendants misrepresent Plaintiff's arguments and cite only one sentence in all of the pleadings and motions filed in this Court wherein Plaintiff even mentioned the Section. This Court erred when it held that Plaintiff's contract claims should be dismissed due to the applicability of § 27-503 of the Insurance Article. The parties agree that FPM is not an insurer. Further, the parties agree that Kaser was never appointed as an agent to sell insurance issued by PLIC. Thus, § 27-503 has no applicability and the Motion to Reconsider must be granted.

Defendants' argument that the Agreement does not provide for a continuation of service fees on policies issued through Kaser is incorrect.[2] The Agreement was a simple appointment of Kaser to sell insurance for FPM to lenders. Policies that are sold by Kaser and accepted by FPM give rise to a fee or commission. Termination of the Agreement is simply the removal of Kaser's authority to sell more insurance for FPM. It has no bearing on those policies which remain in effect after termination. The Agreement clearly sets out the fees due to Kaser on policies accepted by Defendants. The fees are due him "[s]o long as [Kaser] fully and faithfully complies with all of the terms and conditions of this Agreement . . . ." Exhibit 3, ¶ 2. The Agreement expressly provides for the continued provision of services by Kaser, after termination of the Agreement, on policies still in effect. *Id.*, ¶ 5. The policy at issue continued in effect for an indefinite term. It was not a renewal policy with one-year terms. The Agreement also provides that termination by a

---

[1] Plaintiff has had no discovery in this case and is limited to the documents within his own possession or those submitted by Defendants as exhibits to their various motions.

3

party may only occur after at least thirty (30) days written notice. *Id.*, ¶ 9. There is no dispute that this notice was not given. Nevertheless, Defendants ceased paying fees to Kaser immediately upon mailing of the notice. Finally, Plaintiff also contends that the parties' contractual relationship gave rise to a duty to act in good faith and deal fairly with each other. This duty includes the duty of loyalty to refrain from destructive competition. *Automatic Laundry Service, Inc. v. Demas*, 216 Md. 544, 549, 141 A.2d 497, 500 (1958). This duty was breached when Defendants went behind Kaser's back to Chevy Chase Bank and persuaded it to replace Kaser as agent of record with the president of FPM.[3] Defendants' interpretation of the Agreement is strained and unreasonable. Under their interpretation, a sub-agent could sell a policy for an agency on one day, have the agency agreement terminated on the next, and forfeit all commissions to the terminating agency. Defendants' argument that the agent would not be entitled to any fees in that scenario would render the Agreement meaningless. At its best, Defendants have created an ambiguity about the meaning of the Agreement. *In re Travelstead*, 250 B.R. 862 (D. Md. 2000); *Auslander v. Helfand*, 988 F. Supp. 576 (D. Md. 1997). As authors of the Agreement, the Agreement is to be construed against Defendants. *G.E. Tignal & Co. v. Reliance Nat. Ins. Co.*, 102 F. Supp. 300 (D. Md. 2000). Plaintiff has adequately pleaded a breach of contract claim and the Motion to Dismiss must be denied.

---

[2] Defendants' suggestion in its underlying Motion that this Court has already found that the Agreement did not provide for continued fees is based upon dictum in a Memorandum Opinion issued before a breach of contract was even pleaded.

[3] Defendants' argument that the alleged breach did not prevent him from performing his obligations under the Agreement is nonsense. Once Plaintiff was replaced as agent for Chevy Chase Bank, he could perform no services for it and could derive no fees. Defendants had an obligation not to render valueless their contract with Plaintiff by competing with him for Chevy Chase's agency appointment. *Automatic Laundry Service, Inc. v. Demas*, 216 Md. at 551, 141 A.2d at 501. Preventing one from performing altogether is not necessary to establish a breach. *Id.* Rendering one's performance valueless is sufficient. *Id.*

**II.   TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS**

This Court dismissed the tortious interference count against PLIC holding that PLIC was a party to the relationship because it issued the policy at issue. This is incorrect. Defendants do not argue to the contrary. Rather, Defendants argue that the claim should be dismissed anyway because a parent company is necessarily a party to the relationships of its wholly owned subsidiary. Defendants do not argue that FPM is a wholly owned subsidiary, but that Plaintiff has alleged that it is. Defendants have already submitted an affidavit from a corporate officer of PLIC stating that PLIC is not the parent company of FPM and that the companies are, and always have been, separate corporations. This information is solely within Defendants' possession, but contradicts letters they sent to Plaintiff in December 2000. Thus, Defendants' argument is based upon the allegations within the Complaint, which it knows are based upon a false factual premise.

## CONCLUSION

For the reasons stated above and in Plaintiff's Motion to Reconsider, this Court should reconsider its dismissal of Plaintiff's breach of contract claims. This Court should also reconsider its dismissal of the tortious interference claim against Protective Life Insurance Company or grant leave to amend the Complaint to plead those facts articulated in Defendant's affidavit describing the relationship between the corporate defendants.

FERGUSON, SCHETELICH & BALLEW, P.A.

By:   /s/ Roderick R. Barnes
Roderick R. Barnes
Federal Bar No. 24795
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
(410) 837-2200
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 23rd day of October 2003, a copy of the foregoing Reply to Defendants' Opposition to Motion to Reconsider was electronically mailed to:

Robert J. Mathias, Esquire
Marta D. Harting, Esquire
Piper Marbury Rudnick & Wolfe, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
*Attorneys for Defendants*

                                        /s/ Roderick R. Barnes
                                        Roderick R. Barnes