```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
RICHARD M. KASER,               *
     Plaintiff,                 *
v.                              *   CIVIL NO.: WDQ-01-2601
PROTECTIVE LIFE INSURANCE       *
COMPANY, et al.,
                                *
     Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In a Memorandum Opinion issued on September 17, 2003, this Court granted the Defendant's motion to dismiss the Plaintiff's claims. The Plaintiff has filed a motion to reconsider that decision under Federal Rule of Civil Procedure 60(b). For the reasons discussed below, the motion to reconsider will be denied.

ANALYSIS

Under Rule 60(b) "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The "'rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal.'" *United States v. Jones*, 42 F. Supp. 2d 618, 620 (W.D.N.C. 1999) (*quoting Freschi v. Grand Coal Venture*, 103 F.R.D. 606, 608 (S.D.N.Y. 1984)).

1

The remedy provided by Rule 60(b) is "extraordinary," however, and "'is only to be invoked upon a showing of exceptional circumstances.'" *Johnson v. Montminy*, 2003 U.S. Dist. LEXIS 19523, at *2 (D. Md. 2003) (*quoting Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979)).

The Plaintiff has not shown any exceptional circumstances. Instead, the Plaintiff reargues positions he took in his opposition memoranda to the Defendants' motions to dismiss, or presents arguments that could have been raised in those opposition memoranda. *See, e.g.*, Pl.'s Mem. in Supp. of Resp. to Mot. to Dismiss filed November 26, 2001, at 14-16; Pl.'s Mem. in Supp. of Resp. to Mot. to Dismiss filed March 8, 2002, at 7-9.

Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). Although the word "mistake" in Rule 60(b) has been interpreted to include mistakes by the court,[1] the mere fact that a judgment might be erroneous does not constitute the type of mistake contemplated by the Rule. *Elgin Nat'l Watch Co. v. Barrett*, 213 F.2d 776, 779-80 (5th Cir. 1954). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313. Rule 60(b) "was not intended as, and it is not, a substitute for a direct appeal." *Elgin Nat'l*

---

[1] *Id.* at 313.

2

*Watch Co.*, 213 F.2d at 780; *see also Williams*, 674 F.2d at 313 (holding Rule 60(b) does not authorize reconsideration of arguments that were already made or could have been already made); *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400-01 (4th Cir. 1995) (same); *Johnson*, 2003 U.S. Dist. LEXIS 19523, at *2-*4 (same).

## CONCLUSION

For the reasons discussed above, the Plaintiff's motion for reconsideration will be denied.


<u>December 18, 2003</u>         <u>        /s/                </u>
Date                             William D. Quarles, Jr.
                                 United States District Judge